UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRAL LERRON GOLDEN, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | Cause No. 3:18-cv-385-PPS-MGG |
|  | ) |  |
| WARDEN, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Terral Lerron Golden, a prisoner without a lawyer, filed a habeas corpus petition attempting to challenge his convictions and 105 year sentence on January 15, 2016, by the St. Joseph Superior Court under cause number 71D02-1209-MR-14. However, this is a mixed petition because it contains both exhausted and unexhausted claims. That is to say it includes at least one claim raised on direct appeal as well as at least one claim he is currently pursuing in his State post-conviction relief proceedings. This court is not permitted to adjudicate a mixed petition, since the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). Indeed, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* at 274 (citation omitted). Thus, Golden must decide how to proceed.

One option would be to move to stay this case until his State post-conviction relief proceeding is completed. Then, once complete, he could move to lift the stay and proceed

with this habeas corpus case. Requesting a stay is only available under limited circumstances. *Rhines,* 544 U.S. at 275-77; *see also Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006) ("A district court [is required] to consider whether a stay is appropriate [to determine if] the dismissal would effectively end any chance at federal habeas review."). This is such a case because Golden only has two days left to file a habeas corpus petition if this case were closed. The 1-year period of limitation began on May 25, 2017, after the time for filing a petition for certiorari expired on May 24, 2017. See 28 U.S.C. § 2244(d). However, the 1-year period of limitation was tolled on May 23, 2018, when his post-conviction relief petition was filed in State court. *See Golden v. State,* 71D02-1805-PC-21 (St. Joseph Superior Court filed May 23, 2018), available at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik1tVTFNREV5T0RFMU1qVXdPalkwTkRNNE16SXpNR1k5In19. Therefore, if this case were closed, he would only have two days remaining to file a new habeas corpus petition after his post-conviction relief proceeding ended. That is not a reasonable deadline and could effectively end any chance at habeas review. So a stay is appropriate in this case if Golden wants to ask for one.

  Alternatively, he could file an amended petition in this case which includes only claims that were (or could only have been) raised on his direct appeal. However, this option risks forfeiting the chance to ever raise his post-conviction relief petition claims in a federal habeas petition. If he continues with this case, he will not be able to file another habeas corpus petition challenging this conviction unless he obtains permission from the United States Court of Appeals for the Seventh Circuit. *See* 28 U.S.C. § 2244(a)(3)(A).

Therefore, even after completing the post-conviction process in State court, it would be unlikely that he would be able to have this court consider those claims because leave to file a successive habeas corpus petition is rarely granted.

For these reasons, the court:

(1) **GRANTS** Terral Lerron Golden until **June 29, 2018**, to either file a motion asking to stay this case or an amended habeas corpus petition presenting only claims raised during his direct appeal; and

(2) **CAUTIONS** Terral Lerron Golden that if he does not respond by that deadline, this case will be dismissed without prejudice, but without further notice, because this court cannot adjudicate the current mixed habeas corpus petition.

SO ORDERED on May 29, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT