UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRAL LERRON GOLDEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:18-CV-385-PPS-JEM |

## OPINION AND ORDER

Terral Golden, a prisoner without a lawyer, seeks habeas relief from his conviction by a jury in St. Joseph Superior Court for murder and attempted murder. On January 15, 2016, the St. Joseph Superior Court sentenced him to 105 years of incarceration. Golden decided to represent himself at trial. The sole claim in his habeas petition is that his waiver of trial counsel was not done knowingly and intelligently. The claim has no merit. A review of the record shows that the state trial judge did a commendable job in thoroughly ensuring that Golden understood the perils of his choice to go it alone and that his decision to waive counsel was made knowingly and voluntarily. Therefore, because there are no conceivable grounds for relief here, Golden's petition will be denied.

### Background

The basic background facts were laid out by the Indiana Court of Appeals in the direct appeal. *See* [DE 25-5]; *Golden v. State*, 68 N.E.3d 1130 (Ind. Ct. App. 2016). In summary, Golden was present at a drug house in St. Joseph County, Indiana when two

men arrived looking for a third person. A dispute erupted and Golden got in the middle of it. Armed with a gun, Golden held the two visitors at bay pointing the gun at them going back and forth between the two in what was described as an "eenie meenie miney mo" sort of way. [DE 25-5 at 2]. Golden ended up shooting and killing one of the two men who had arrived at the house. An eyewitness testified to personally seeing Golden shoot the victim. [DE 29-6 at 135-136].

On May 23, 2018, Golden initiated this case by filing a habeas petition challenging his conviction for murder and attempted murder in the St. Joseph Superior Court. [DE 1]. On July 9, 2018, I stayed and statistically closed this case pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), for the purpose of allowing Golden to complete his post-conviction relief proceedings in State court. [DE 5]. I did not require him to file periodic status reports but ordered him to notify the court within 30 days of the conclusion of the State court proceedings. [*Id*.]

Four years later, on July 7, 2022, the court reviewed the electronic docket for the State post-conviction proceeding and observed that no action had taken place in the State case since January 7, 2021. [DE 6]. According to *Rhines*, "[a] mixed petition should not be stayed indefinitely." 544 U.S. at 277. Based on this dictate, I ordered Golden to clarify whether he intended to continue pursuing post-conviction relief in State court or whether he preferred to proceed in this federal case solely on his exhausted claims. [DE 6]. I also ordered Golden to account for the delay and to explain how he would proceed in the event he intended to continue pursuing post-conviction relief in State court. [*Id*.]

2

Finally, I cautioned him that, if he did not respond by August 23, 2022, this case might be dismissed without further notice. [*Id*.]

Golden did not respond to that order. Instead, the order was returned as undeliverable, indicating that Golden had not promptly notified the court of his change of address. [DE 7]. On September 7, 2022, I observed the inaction in this case and the State case, the lack of a response to my prior order, and the lack of a current address, and I concluded that Golden had abandoned this case. [DE 8]. Consequently, I dismissed this case consistent with Fed. R. Civ. P. 41(b). [*Id*.]

Two years later, on September 11, 2024, Golden filed a motion to reopen this case. [DE 11]. He explained that he understood my order staying this case as exempting him from filing any status reports with this court until his State court proceedings had concluded. He also explained that his State post-conviction proceedings had nearly concluded and that he was awaiting a decision from the Indiana Supreme Court on his petition to transfer. I expressed several substantial concerns with reopening this case, but, in an abundance of caution toward Golden's *pro se* status and his lengthy sentence, I granted the motion to reopen without prejudice to any related objections raised by the Warden. [DE 14].

## Relief from Judgment Under Rule 60(b)

The Warden initially argues that I should not have allowed Golden to reopen this case under Federal Rule of Civil Procedure 60(b). This rule authorizes me to relieve a party from a final judgment based on: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

3

been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "[I]f the asserted ground for relief falls within one of the enumerated grounds for relief subject to the one-year time limit of Rule 60(b), relief under the residual provision of Rule 60(b)(6) is not available." *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006). "To permit relief under the catchall provision in such situations would render the one-year time limitation meaningless." *Id*. "Accordingly, [courts] have held that the first three clauses of Rule 60(b) and the catchall clause are mutually exclusive." *Id*.

The Warden's argument here closely resembles my previously expressed concerns. Significantly, while I had declined to require Golden to file status reports on a periodic basis, I had not excused him from filing status reports when specifically ordered to do so or from otherwise complying with court orders. This misunderstanding might qualify as a mistake under Rule 60(b)(1), but Golden did not file an appropriate motion within the one-year deadline set by Rule 60(c)(1), and the Federal Rules of Civil Procedure expressly prohibit me from extending the time to file a motion under Federal Rule of Civil Procedure 60(b). *See* Fed. R. Civ. P. 6(b)(2). Additionally, Golden declined to notify the court of a change of address for at least two years and has provided no explanation for this delay. *See Snyder v. Nolen*, 380 F.3d 279,

4

285 (7th Cir. 2004) "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . . ."); *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) ("The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit.").

In sum, Golden was not entitled to any relief under Fed. R. Civ. P. 60(b). Because this case was properly dismissed for abandonment and should have remain closed, I also cannot grant Golden habeas relief. Nevertheless, out of an abundance of caution and for the sake of completeness, I will consider the merits of the sole habeas claim presented in the amended habeas petition.

## Timeliness

The Warden first argues that the petition is untimely, noting that Golden's conviction became final and that the one-year limitations period began to run on May 24, 2017. However, the Warden focuses on the date on which Golden filed the motion to reopen rather than the date on which Golden filed the habeas petition initiating this case on May 23, 2018. It is unclear why the motion to reopen date would be the operative date, and the Warden cites no authority for this proposition. Though Golden has since amended his petition, the initial petition includes his remaining denial of appointed counsel claim, and so the relation-back doctrine applies. *See* Fed. R. Civ. P. 15(c)(1)(B). Because Golden filed the initial petition within one year of the date on which his conviction became final, I find that the petition is timely.

On a related note, Golden asserts actual innocence to excuse the untimely and procedurally defaulted nature of his petition, relying on *McQuiggin v. Perkins*, 569 U.S.

5

383, 386 (2013); *House v. Bell*, 547 U.S. 518, 536–37 (2006). However, this assertion is moot because I have found that his petition was timely, and the Warden did not assert procedural default. Further, Golden could not have prevailed on his assertion of actual innocence even if he intended it as a freestanding claim. In the traverse, Golden elaborates that the reason for his assertion is that he was improperly denied trial counsel. [DE 32 at 10-11]. But "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Therefore, even if Golden intended to assert actual innocence as a freestanding claim, I could not grant him habeas relief on that basis.

## Waiver of Counsel Claim

Let's begin by reviewing the standards that govern my decision making. Here's what the pertinent statute says:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has made it clear that this standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015). This means that before I grant habeas relief, I have to be convinced that the application of supreme

court holdings by the state court was "objectively unreasonable, not merely wrong; even clear error will not suffice." *Id*. This is a tall order because "]f]ederal habeas review . . . exists as a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id*. Put another way, a "state court's determination that a claim lacks merit precludes federal habeas relief so long as fair-minded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

"The Sixth Amendment does not provide merely that a defense shall be made for the accused; it grants to the accused personally the right to make his defense." *Faretta v. California*, 422 U.S. 806, 819 (1975). It is "undeniable that in most criminal prosecutions defendants could better defend with counsel's guidance than by their own unskilled efforts." *Id.* at 834. However, "where the defendant will not voluntarily accept representation by counsel, the potential advantage of a lawyer's training and experience can be realized, if at all, only imperfectly." *Id.* As the Supreme Court has explained: "To force a lawyer on a defendant can only lead him to believe that the law contrives against him. . . . [A]lthough he may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law." *Id.* (citation omitted).

To proceed *pro se,* the defendant must "knowingly and intelligently" waive the right to counsel, acting in a manner that shows he "knows what he is doing" and made his choice "with eyes open." *Id.* at 835. In determining whether a defendant's waiver was knowing and intelligent, the court considers the extent of the warnings given by

7

the court as well as "other evidence in the record that establishes whether the defendant understood the dangers and disadvantages of self-representation." *United States v. Johnson*, 980 F.3d 570, 577 (7th Cir. 2020); *see also United States v. Eads*, 729 F.3d 769, 775 (7th Cir. 2013) ("[O]ur task is to examine the record as a whole to see if [the defendant] 'knowingly and intelligently' waived his right to counsel."). The court also considers "the background and experience of the defendant" and "the context of the defendant's decision to waive his right to counsel." *Johnson*, 980 F.3d at 577.

Golden argues that he is entitled to habeas relief because his waiver of trial counsel was not knowing and intelligent. The trial transcript indicates that the trial court interrogated and advised Golden against waiving his right to appointed trial counsel on seven separate occasions. [DE 29-4; DE 29-5 at 15-24, 190-91]. On direct appeal, Golden argued that the trial court did not sufficiently inquire into his background, experience, and motivation before allowing him to waive trial counsel. [DE 25-3 at 19-20]. In the direct appeal opinion, the Indiana Court of Appeals meticulously laid out the relevant portions of transcript and addressed the waiver of trial claim in a detailed 26-page opinion.[1] [DE 25-5]; *Golden v. State*, 68 N.E.3d 1130 (Ind. Ct. App. 2016). The appellate court noted the trial court's thorough and repeated warnings and found that Golden had knowingly and intelligently waived trial counsel. *Id.*

---

[1] Given the detailed nature of the direct appeal opinion, I see no utility in recounting the relevant events in detail here.

After carefully reviewing the trial transcript and the direct appeal opinion, I conclude that there is no basis for finding that the State court unreasonably applied constitutional law or that it made an unreasonable determination of fact. The trial court's efforts at ensuring Golden's waiver of trial counsel was knowing and intelligent were exceedingly thorough. The State appellate court also expressly cited and reasonably addressed each of the factors for assessing waivers of counsel set forth by the Seventh Circuit. [DE 25-5 at 19-21].

In the amended petition, Golden asserts a narrower argument, which I will also address. There, he contends that his motivation for waiving counsel was to obtain an earlier trial setting, which he believed he needed in order to secure an earlier release from custody and to assume the care of his child. He maintains that this motivation was irrational because he had pending parole holds in other jurisdiction and would not have been promptly released from custody even if he had been acquitted on the Indiana charges of murder and attempted murder.

The problem with this argument is that Golden was presented with the fact that he had pending parole holds on three separate occasions. [DE 29-4 at 27, 30-31, 37-39]. And, on the final occasion, Golden appeared to accept the potential consequences of the parole holds, responding, "I got to take one at a time." [*Id.* at 39]. While this response might not reflect optimal judgment, it does reflect that Golden understood the risk that he might not be promptly released from custody even if he obtained an acquittal. The odds were certainly against Golden in his effort to quickly prevail in a series of criminal proceedings, but they were greater than zero, and Golden had also expressed a

9

substantial interest in obtaining a quicker release from custody to care for his child. Golden then reaffirmed his decision to waive counsel with the trial court on two more occasions. [DE 29-5 at 15-24, 190-91]. Golden's prior criminal history, which included three felony convictions and three juvenile adjudications, also would have assisted him in evaluating his decision and his chances of success in his criminal proceedings. Consequently, it would be reasonable to conclude that Golden's decision to proceed without trial counsel was merely inadvisable, not irrational or otherwise indicative of an unintelligent or unknowing waiver, so the argument presented in the amended petition is without merit. In sum, the improper waiver of counsel claim is not a basis for habeas relief.

## Certificate of Appealability

Pursuant to Section 2254 Habeas Corpus Rule 11, I must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Golden to proceed further.

For these reasons, the court **DENIES** the amended habeas corpus petition [DE 20]; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule

11; and **DIRECTS** the clerk to enter judgment in favor of the Respondent and against the Petitioner.

    **SO ORDERED**.

    ENTERED: August 15, 2025.

                                          /s/ Philip P. Simon
                                          PHILIP P. SIMON, JUDGE
                                          UNITED STATES DISTRICT COURT